IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| MILTON STEWART ) | |
| SECRETARY OF LABOR ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00082 |
| ) | District Judge Campbell |
| COMPLETE HOME CARE SERVICES ) | Magistrate Judge Holmes |
| OF TN, INC.; KETURA ODEN; and, ) | |
| CONSUELA ODEN ) | |

**TO:** The Honorable William L. Campbell, Jr., United States District Judge

### REPORT AND RECOMMENDATION

Pending before the Court is the plaintiff's motion for imposition of sanctions and entry of default judgment against Defendants. (Dkt. No. 38.) For the reasons discussed below, the undersigned respectfully recommends that the plaintiff's motion for sanctions be granted and that default judgment with all requested relief be entered in favor of the plaintiff as further detailed below.[1]

### I. Background

In the complaint, the plaintiff, Secretary of the Department of Labor, alleges that the defendants willfully violated the minimum wage, overtime, and record keeping provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* The plaintiff requests an injunction restraining

---

[1] Granting of the motion for sanctions would render moot the plaintiff's pending motion for summary judgment. (Dkt. No. 43.)

future violations of the FLSA and recovery of unpaid wages and liquidated damages. The plaintiff also requests attorney's fees.

The defendants, through counsel, after waiver of service of process, filed an answer disputing the plaintiff's allegations. Within a few months, the defendants' original counsel was permitted to withdraw and the case was postponed for approximately sixty days for the defendants to retain new counsel. During a case management conference in May of 2020, the individual defendants (participating pro se) requested additional time to hire an attorney. The case was postponed for another two months. During this time, new counsel entered an appearance for the defendants (although not within the time instructed by the Court).

An initial case management conference was held in July 2020 and a case management order was entered setting out scheduling deadlines and other provisions for progression of this case to disposition, including scheduling of a follow up case management conference in October of 2020. Within just a few days after the initial case management conference, the defendants' new counsel also moved to withdraw. The defendants were given an additional thirty days to again retain new counsel and were cautioned that the corporate defendant, Complete Home Care Services of TN, Inc., could not proceed as an unrepresented litigant. The case was set for trial in August 2021.[2]

When defendant Complete Home Care failed to retain counsel within the required time, the plaintiff moved for entry of default. Complete Home Care was directed to respond to the motion for default and cautioned that failure to respond would result in entry of default. Complete Home Care failed to respond as directed and default was entered.

In a status report filed in early October of 2020, the plaintiff reported that the defendants had failed to provide initial disclosures as required by the initial case management order and had

---

[2] To allow for resolution of the pending motion for sanctions, the trial was later cancelled.

failed to properly respond to the plaintiff's discovery requests. Although the Court ordered that the status report be filed jointly by the parties, it was filed solely by the plaintiff because the individual defendants did not respond to requests by the plaintiff's counsel to participate in preparation of the report.

On October 9, 2020, the Court convened the telephonic follow up case management conference. The plaintiff's counsel joined the call at the designated time, but neither of the individual defendants called in as directed. By order of the Court entered that same day, the individual defendants were instructed to comply with outstanding discovery requests and were notified that failure to comply as directed could result in entry of judgment against them.

The individual defendants did not provide discovery responses as instructed. The plaintiff moved for sanctions, including default judgment, in November 2020. The defendants were instructed to respond to the motion for sanctions by no later than December 9, 2020 and were again cautioned that failure to respond could result in entry of judgment against them.

Individual defendant Ketura Oden timely responded pro se to the motion for sanctions. The response does not specifically dispute that the defendants did not comply with the Court's order to fully respond to outstanding discovery by the deadline. Rather, the response states generally that Ketura Oden provided documentation in her possession, that she asked the plaintiff's counsel for assistance in obtaining other documentation, and that she understood that the plaintiff might be willing to participate in mediation. Individual defendant Consuela Oden did not file a timely response.

To assist in resolution of the motion for sanctions, the Court instructed the plaintiff to file proposed findings and conclusions, including as to damages, and instructed the individual defendants to file any response in opposition to the plaintiff's submissions. The individual

3

defendants were further instructed to support their responses with evidentiary submissions in accordance with applicable rules. And, the defendants were again reminded that defendant Complete Home Care could only participate in this case through a licensed attorney. The defendants were also cautioned that failure to properly respond as directed could result in the Court adopting the plaintiff's submissions.

Individual defendant Consuela Oden timely responded by pro se letter, in which she states that she is unable to produce the requested documentation, but nevertheless contests the plaintiff's calculations of owed back wages. The documentation submitted with Consuela Oden's response consists of various handwritten calculations, copies of checks, and what appear to be payroll records and time sheets. There is no declaration or other substantiation of the submitted documents. Individual defendant Ketura Oden also submitted a letter simply joining in Consuela Oden's response.

## II. Standards

A party who has filed a responsive pleading or otherwise defended may still be found in default for noncompliance with the rules at some later point in the action. *Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, No. 06-CV-1207, 2009 WL 1505738, at *3 (W.D. Tenn. May 28, 2009), aff'd 617 F.3d 402 (6th Cir. 2010). Specifically, Rule 16(f) of the Federal Rules of Civil Procedure[3] allows for imposition of sanctions, including default judgment under Rule 37(b)(2)(A)(vi), for a party's failure to appear at a scheduling conference or failing to comply with a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A) and (C); *see also Bass v.*

---

[3] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

4

*Jostens*, 71 F.3d 237, 241 (6th Cir. 1997) (district court may sanction a party who fails to comply with a discovery or other pretrial order in several ways, including disposition of the case).

The imposition of sanctions and the type of sanctions imposed are within the sound discretion of the trial court, based on the particular facts of the case. *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *see also, Harmon v. CSX Transportation, Inc.,* 110 F.3d 363, 366–67 (6th Cir.1997). The Sixth Circuit has articulated the following four factors that a court should consider in ruling on a motion for default judgment for failure to comply with court orders: (1) whether the party's failure to comply with the order is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to abide by court orders; (3) whether the party subject to the default was warned that failure to cooperate could lead to default; and (4) whether less dramatic sanctions were imposed or considered before default was ordered. *Bass*, 71 F.3d at 241.

Upon default, the complaint's well-pleaded allegations pertaining to liability are taken as true. However, the default is not considered an admission of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved."). To determine damages, the court may, but is not required to, hold an evidentiary hearing. "[A] hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-CV-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020) (quoting *Broad. Music, Inc. v. Marler*, No. 1:09–cv–193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009)); *see also* Fed. R. Civ. P. 55(b)(2) (A district court "**may** conduct hearings...when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the

truth of any allegation by evidence; or (D) investigate any other matter.") (emphasis added)) and *Vesligaj*, 331 F. App'x at 354 (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing").

### III. Discussion

The plaintiff's complaint alleges that defendant Complete Home Care Services of TN, Inc. is a Tennessee corporation with a principal place of business and doing business in Columbia, Tennessee and engaged in a business providing home health-related services and personal care to clients at private residences. (Dkt. 1.)[4] The complaint further alleges that, as to all relevant time periods, the individual defendants, Ketura Oden and Consuela Oden, acted in the interest of the corporation in relation to its employees and that all the defendants permitted employees to work for the periods in question. Additionally, the complaint alleges that the defendants were employers within the meaning of the FLSA and that they willfully violated applicable FLSA minimum wage, overtime, and record keeping provisions.

---

[4] As discussed in more detail herein, based on the recommended entry of default judgment, all well-pleaded factual allegations pertaining to liability may be accepted as true. Additionally, by order entered on January 4, 2021, the Court directed the plaintiff to file and serve proposed findings of fact and conclusions of law. (Dkt. No. 41.) The plaintiff filed the proposed findings of fact and conclusions of law. (Dkt. No. 42.) The defendants were given an opportunity to respond and were cautioned that failure to file a response with supporting evidentiary submissions could result in the Court adopting the plaintiff's submissions. (Dkt. No. 41.) The individual defendants responded. (Dkt. No. 45.) Generally, however, the response disputes only the calculations of wages owed and damages and does not dispute other facts. Nor is the response supported by an affidavit or declaration. Although the Court could proceed with its stated intention to adopt the proposed findings and conclusions submitted by the plaintiff in their entirety based on the defendants' failure to file a proper response, it is not necessary to do so because the allegations pled in the complaint sufficiently establish liability upon the Court's finding of default by the defendants.

Corporate defendant Complete Home Care has been defaulted as to these allegations by its failure to properly retain counsel in this litigation, as directed by the Court. (Dkt. No. 35.) For the reasons discussed below, default judgment, including monetary damages, injunctive relief, and attorney fees, should now be entered against all the defendants.[5]

Prior to entering default judgment, the Court must determine that it has subject matter jurisdiction. Here, the Court has original, federal question jurisdiction over the plaintiff's claims under the FLSA and because the action was commenced by the Secretary of the Department of Labor. 28 U.S.C. §§ 1331 and 1345.

Based on the entirety of the circumstances, the Court finds that all the factors necessary for entry of a default judgment are present in this case. There is no dispute that the individual defendants did not comply with the Court's orders to fully respond to outstanding discovery requests, to participate in a telephonic case management conference on October 9, 2020, and to timely respond to the plaintiff's filings. Defendant Ketura Oden responded to the plaintiff's motion for sanctions (Dkt. No. 40), but defendant Consuela Oden failed to do so. It is not enough for only one of the individual defendants to respond. Each was required to respond as directed. No pro se party may sign filings on behalf of another party. *Bracey v. Barbour*, No. 3:12-cv-629, 2012 WL 2395171, at *3 (M.D. Tenn. June 25, 2012) (internal citations omitted).

The Court finds that the defendants' disregard of court orders and failure to cooperate in discovery in this case is conscious and intentional. In their respective responses, the individual defendants assert that they have attempted to respond to discovery requests and to the plaintiff's filings and they offer various excuses for not having done so completely, including by reliance on

---

[5] Unlike under Rule 55, which requires entry of default as a predicate to default judgment, Rules 16(f) and 37(b)(2)(A)(vi) authorize the Court to render default judgment against the disobedient party.

7

their status as unrepresented litigants, but they do not dispute that they have not provided complete information. The Court is not persuaded by the individual defendants' excuses. The defendants have been represented by two different sets of attorneys in this case. If the defendants were, in fact, hindered in responding to the plaintiff's discovery requests because of some lack of access to the responsive documents, they had ample opportunity for their attorneys to resolve that issue, to bring that issue to the Court's attention, or to otherwise seek appropriate relief, none of which they did.

While the defendants' actions are perhaps not the most egregious litigation conduct, they have recklessly disregarded the impact on this case of their lack of attention and cooperation. Because of their conduct, disproportionate resources have been spent in compelling the ordinary compliance required of litigants. The Court recognizes that the individual defendants are now proceeding pro se and, as such, are entitled to some indulgences. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, "the lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "pro se parties must follow the same rules of procedure that govern other litigants," *Aug. v. Caruso*, No. 12-13775, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015) (internal citations omitted). *See also Greer v. Home Realty Co. of Memphis Inc.*, No. 2:07-cv-2639, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow these rules") (citations omitted). Moreover, as noted, the defendants have not been unrepresented throughout this case. They have had two different sets of attorneys and ample opportunity during that time to comply with their obligations in this case, including in responding to discovery. The Court cannot simply overlook a pro se litigant's lack of

regard for procedural rules and court orders, particularly, when, as here, that disregard has resulted in substantial additional work by the other party.[6]

The defendants' conduct in this case, particularly in failing to provide requested documentation and records, has been unfairly prejudicial to the plaintiff. *Schafer v City of Defiance Police Dep't.*, 529 F.3d 731 737 (6th Cir. 2008) (a party is prejudiced when it must "waste time, money, and effort in pursuit of cooperation which the [noncompliant party] was legally obligated to provide") (citation omitted). Without this information, the plaintiff's ability to prove its case was compromised and the plaintiff was forced to resort to interviews of former employees and reconstruction of available information, *see* Declaration of Alexandra Jennings at Dkt. No. 42-2, which unnecessarily delayed and increased the cost of disposition of this case.

The plaintiff has spent considerable time, effort, and expense in its efforts to obtain the necessary information from the defendants to move this case toward resolution. *See* Dkt. Nos. 38-2 through 38-10. The Court considered and imposed less drastic sanctions when it repeatedly warned the defendants – to no avail – that their failure to follow the Court's orders and to cooperate in discovery could lead to entry of judgment against them. For all these reasons, entry of default judgment against the defendants is warranted.

Proof of damages for default judgment ordinarily requires an evidentiary hearing in which the defendant may contest the amount, but a hearing is not necessarily required if the amount of damages can be ascertained from uncontested, sworn affidavits submitted by the moving party. *Util. Serv. of Huntsville v. Ground Support, LLC*, 3:18-cv-00460, 2019 L 4736993, at *2 (M.D.

---

[6] Ketura Oden asserts that she missed the October 9, 2020 telephonic case management conference because she was unaware that she needed to call in. The Court is not persuaded by this explanation. The Court had previously notified the individual defendants that if they were unrepresented by counsel, they needed to participate in court conferences. *See* July 10, 2020 order at Dkt. No. 20.

Tenn. Sept. 27, 2019) (citations omitted); *see also Vesligaj*, 331 F. App'x at 354 (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing.") The Court concludes that an evidentiary hearing is unnecessary given (1) the submission of the sworn declarations of Alexandra Jennings, an investigator with the Wage and Hour division of the Department of Labor, with accompanying exhibits (Dkt. Nos. 42-2 through 42- 6) and of the plaintiff's counsel (Dkt. No. 42-7) and (2) the fact that no defendant contested the information in the declarations with contrary evidence.[7]

In her declaration, Ms. Jennings goes into extensive detail of the efforts she made to obtain records from the defendants to investigate compliance with the FLSA and then, ultimately, to calculate the wages owed to the listed employees. These efforts included review of partial, incomplete, and what appear to be fabricated employee time and payroll records provided by the individual defendants; extensive follow up with the individual defendants to obtain complete employee payroll records[8]; interviews with current and former employees; reconstruction of back wages based on employee interviews and documentation provided by some employees; and, recalculation of back wages based on additional piecemeal information sporadically provided by

---

[7] As noted, default was entered against defendant Complete Home Care Services in October 2020 upon its failure to retain counsel. Additionally, the individual defendants largely failed to respond to the detailed statements made in Ms. Jennings' Declaration. The response submitted by defendant Consuela Oden (and joined by Ketura Oden) disputes in part some of the calculations in the Jennings Declaration and references a random assortment of appended documents, none of which are proper evidentiary submissions, despite the Court's express admonition that any response "must include evidentiary submissions … which must be properly submitted in accordance with applicable rules." (Dkt. No. 41 at Page ID# 233.)

[8] Ms. Jennings states that she "called and/or emailed two to three times a week to follow up on when [she] could expect the Odens to deliver or provide access to the employees' daily Care Notes. Ketura and Consuela Oden made excuses for the delay. Eventually, Ketura Oden stopped responding altogether, while Consuela Oden referred [her] to Ketura Oden." (Dkt. No. 42-2 at Page ID# 262.)

the individual defendants. (Dkt. Nos. 42-2 through 42-22.) Ms. Jennings' calculations of employee back wages and liquidated damages are more than adequately supported by the detailed explanation of her methods and the exhibits to her sworn declaration.

In contrast, defendant Consuela Oden does little more in her response than simply contest outright Ms. Jennings' calculations. Although Consuela Oden's response references various attachments with vague descriptions, the documents are not properly submitted as evidence. There is no sworn declaration as to who prepared the documents or otherwise demonstrating their authenticity or accuracy.[9] The Court therefore gives no weight to the information provided by defendant Consuela Oden (and joined by defendant Ketura Oden).

Upon reviewing the evidentiary proof, the Court finds that the defendants owe damages for back wages in the total amount of $20,521.14 and adopts the table at Exhibit 22 to Ms. Jennings' declaration of amounts owed to specific employees. (Dkt. No. 42-6 at Page ID# 384.) The Court further finds that the defendants owe liquidated damages in the amount of $27,012.17, as also stated in Exhibit 22 (*id.*), for total back wages and liquidated damages of $47,533.21.

Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). As the Sixth Circuit has explained,

---

[9] Nor is it sufficient for the individual defendants to simply lament that they are unable to decipher Ms. Jennings' calculations or that their requests for assistance in obtaining records went unheeded. It is the defendants' responsibility to offer sustainable evidence – specifically, properly authenticated payroll records – of the amounts paid and amounts (if any) owed to the listed employees in defense of the alleged violations. Indeed, if the defendants had maintained proper payroll records, they might not have found themselves in this situation.

11

> [l]iquidated damages under the FLSA " 'are compensation, not a penalty or punishment.' " *McClanahan v. Mathews,* 440 F.2d 320, 322 (6th Cir.1971) (quoting *Overnight Motor Co. v. Missel,* 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) ("It constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being." (internal quotations omitted)).
>
> A district court, however, has the discretion not to award liquidated damages to a prevailing plaintiff if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938." 29 U.S.C. § 260 (1998); *see also Herman v. Palo Group Foster Home,* 183 F.3d 468, 474 (6th Cir.1999). This burden on the employer is substantial and requires "proof that [the employer's] failure to obey the statute was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." *McClanahan,* 440 F.2d at 322 (internal quotations omitted) (emphasis added). "In the absence of such proof [, however,] a district court has no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages." *Id.; see also Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 405 (7th Cir.1999) ( " 'Although in the final analysis, we review a district court's decision on liquidated damages for abuse of discretion, that discretion must be exercised consistently with the strong presumption under the statute in favor of doubling.' " (quoting *Shea v. Galaxie Lumber & Constr. Co.,* 152 F.3d 729, 733 (7th Cir.1998))).

*Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002). Here, the defendants cannot carry their burden to avoid liquidated damages. Nothing in the record constitutes the necessary substantial evidence of unfairness, that is, that the defendants' noncompliance with the statute was in good faith and reasonable.

Rather, the entire record, including the declaration of Alexandra Jennings, establishes that the defaulted corporate defendant and the individual defendants blithely disregarded their obligations under the FLSA and even once under investigation, made no serious effort to provide documentation that would support their contention that they had acted reasonably and in good faith. Ms. Jennings' declaration further evidences that the individual defendants were the subject

12

of previous Wage and Hour investigations, that after an earlier investigation they started a new company under a different name ostensibly to avoid the implications and consequences of the prior investigations, and that some of the payroll records submitted by the individual defendants were fabricated. (Docket No. 42-2 at Page ID# 258-64.) All these circumstances further undermine any contention by the individual defendants of good faith and reasonableness.

The plaintiff argues that payments made by the defendants towards back wages should not reduce the amount of liquidated damages because the payments were made months after the employees had left the defendants' employment. The Court concurs.[10]

The plaintiff also requests an injunction requiring the defendants to comply with the FLSA's requirements. *See* 29 U.S.C. § 217 (giving trial courts discretion to enjoin FLSA violations). The issuance of an injunction under the FLSA is within the reasonable discretion of the trial court. *Martin v. Funtime*, 963 F.2d 110, 113 (6th Cir. 1992) (internal citation omitted). In exercising its discretion in this case, which was brought by the Secretary of Labor, the Court must "give substantial weight to the fact that the Secretary seeks to vindicate a public, and not a private, right." *Id*. (internal quotations omitted). "The imposition of an injunction is not punitive, nor does it impose a hardship on the employer since it requires him to do what the Act requires anyway—to comply with the law." *Id.* (internal quotations omitted). In determining whether to issue an injunction, the central issue is whether the violations are likely to reoccur. *Id.* "A dependable, bona fide intent to comply, or good faith coupled with extraordinary efforts to prevent recurrence" weigh against granting an injunction, while "an employer's pattern of repetitive

---

[10] The plaintiff also asserts that liquidated damages are proper because Ms. Jennings' calculation of back wages was at the federal minimum wage of $7.25 per hour when the employees' actual hourly rates ranged between $10 to $30 per hour. The Court agrees that this further bolsters an award of liquidated damages.

13

violations or a finding of bad faith are factors weighing heavily in favor of granting a prospective injunction." *Id.* (internal quotations omitted). Thus, in exercising its discretion, a court should consider: "(1) the previous conduct of the employer; (2) the current conduct of the employer; and (3) the dependability of the employer's promises for future compliance." *Reich v. Petroleum Sales, Inc.,* 30 F.3d 654, 657 (6th Cir.1994). The court should also look at evidence of current compliance; however, "an employer's efforts at current compliance alone, even if successful, are not sufficient grounds to deny injunctive relief," particularly when that compliance is achieved by "direct scrutiny of government." *Id*. (internal quotations omitted).

Here, as demonstrated by Ms. Jennings' declaration, the individual defendants have a history of wage and hour investigations and violations dating back to at least 2011. (Dkt. No. 42-2 at Page ID# 258-60.) They previously agreed to comply with FLSA requirements (*id*. at Page ID# 259), yet continued their violations. They withheld documents, apparently fabricated documents (*id*. at Page ID# 263), and generally failed to cooperate with the investigation and litigation of the violations established in this case. (*Id*. at Page ID# 260-64.) Additionally, by defendant Ketura Oden's own admission, they changed the company name and address after a second investigation (*id.* at Page ID# 260), in what can only be construed as an apparent attempt to avoid liability (or at least to claim relief from liquidated damages) for continuing violations.

Based on the entirety of the circumstances, the Court finds that the defendants' future compliance with the FLSA is unlikely. The Court therefore concludes that injunctive relief is necessary to ensure the defendants' future compliance with the FLSA, including should they attempt to organize yet another home health care business under a new name in the future.

14

Rule 65 requires that an injunction "be specific in its terms" and "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Fed. R. Civ. P. 65(d). The terms proposed by the plaintiff satisfy this standard.[11]

Finally, the plaintiff seeks attorney's fees. The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the costs of the action." 29 U.S.C. § 216(b). An award of attorney's fees under § 216(b) is mandatory. *Smith v. Service Master Corp.*, 592 F. App'x 363, 367 (6th Cir. 2014) (citing *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)). In determining the amount of any award under the FLSA, courts start with the lodestar amount: the number of hours worked times a reasonable hourly rate. *Dean v. F.P. Allega Concrete Const. Corp.*, 622 F. App'x 557, 559 (6th Cir. 2015) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, (1983). This calculation "does not end the inquiry," however. *Hensley,* at 434. A court must look to other considerations that may lead to an upward or downward adjustment, the most critical factor" of which "is the degree of success obtained." *Id.* The trial court has considerable discretion in determining the amount of fees to award. *Dean*, 622 F. App'x at 559.

In support of the plaintiff's fee request, counsel provided the declaration of Emily O. Roberts, an attorney with the United States Department of Labor, Office of the Solicitor, and primary counsel for the plaintiff in this case, who calculates that she spent 137.5 hours on this case. Ms. Roberts further requests an hourly rate of $64.81. Ideally, the plaintiff's counsel would have also provided itemized billing records or time entries. But the Court understands that, as a government law office, those kinds of detailed time records might not be maintained in the ordinary

---

[11] The appended proposed judgment recites the specific terms.

course of business. Further, the hourly rate requested by Ms. Roberts is a fraction of the rate found by this Court to be reasonable in other FLSA cases. *See e.g. Long v. Morgan*, 451 F.Supp.3d 830, 836 (M.D. Tenn. 2020) (finding $350 a reasonable hourly rate based on declaration that comparable rates in Tennessee are $350 to $400 per hour). Given the Court's familiarity with the effort expended by the plaintiff's counsel in this case and the degree to which the requested hourly rate is below market, the Court will not require any additional explanation or documentation of the requested fees. Accordingly, the Court finds that the requested $8,911.38 in attorney's fees is reasonable.

## IV. Recommendation

For the reasons discussed above, it is respectfully recommended that the District Judge enter default judgment against the defendants substantially similar to the proposed judgment appended hereto, which provides for (i) a permanent injunction and (ii) back wages and liquidated damages in the amount of $47,533.21 and attorney's fees in the amount of $8,911.38, for a total monetary judgment amount of $56,444.59.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge